UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES WIGFALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00933 |
| ) | |
| BECKMAN COULTER, INC. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JAMES WIGFALL (hereinafter "Plaintiff" or "Wigfall"), and files his Complaint against Defendant, BECKMAN COULTER, INC. (hereinafter "Defendant" or "Beckman Coulter"), and in support he states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq.* ("ADEA") and the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* ("FMLA") to redress Defendant's unlawful employment practices against Plaintiff including discrimination, harassment, and retaliation because of his age, and for exercising, or attempting to exercise, his rights under the FMLA leading to Plaintiff's unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADEA.

1

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Wigfall is a citizen of the United States, and is, and was at all times material, a resident of the state of Texas, residing in Frisco, Texas.

6. Defendant, Beckman Coulter is a foreign for-profit corporation with its principal place of business in Fullerton, California.

7. Defendant is registered to do business in the state of Texas and Plaintiff worked for Defendant with his home in Frisco acting as his base.

8. Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On March 13, 2019, Plaintiff dual-filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on age, disability, and retaliation.

11. Plaintiff's charge was filed within one hundred and eighty days of the date the alleged unlawful employment practices occurred.

12. More than sixty days have passed since Plaintiffs filing of his charge.

## FACTUAL ALLEGATIONS

13. At all times material to this complaint Plaintiff was over the age of forty.

14. Plaintiff was employed by Defendant for approximately twenty-three years. Plaintiff began his employment with Defendant in or about May 1995 and he was informed his employment was being terminated on December 7, 2018.

15. Plaintiff was a full-time employee with Defendant and on average he worked forty or more hours per week.

16. At the time of his termination, Plaintiff was employed in Defendant's Life Science's Division as a Field Service Engineer and his direct supervisor was Steve Gonnella (District Supervisor, under 40 years of age).

17. Plaintiff experienced issues with Mr. Gonnella after he became Plaintiff's superior. Mr. Gonnella would speak negatively about Plaintiff behind his back and would make statements including alleging Plaintiff was a "pain in [his] ass." Mr. Gonnella did not speak about the younger employees he supervised in this same manner.

18. Plaintiff was diagnosed with prostate cancer in August 2018.

19. In September 2018 Plaintiff informed Mr. Gonnella of his diagnosis, that his treating physician had recommended surgery for his cancer, and that he would be requesting time off for surgery in the near future.

20. In the beginning of November 2018, Plaintiff notified Mr. Gonnella that his surgery was scheduled for December 11, 2018. Plaintiff also requested information about FMLA leave from Jocelyne Meneses in Defendant's Human Resources Department.

21. Four days prior to Plaintiff's scheduled surgery he was contacted by Mr. Gonnella and Ms. Meneses and informed that Defendant was terminating his employment due to an alleged restructuring.

22. Upon information and belief, there were approximately twenty other employees who held the same Field Services Engineer position as Plaintiff and Plaintiff was the only individual let go due to the alleged restructuring.

23. To the best of Plaintiff's knowledge he was the oldest individual in his position, he had the most tenure with the company, he was one of the top five performers in his area, he was the only individual with a record of a disability, and he was the only individual who was on FMLA leave.

24. Plaintiff has been harmed by Defendant's illegal conduct.

25. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Age Based Discrimination in Violation of the ADEA**

26. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

27. Defendant engaged in intentional age discrimination in Plaintiff's terms, conditions, and/or privileges of employment.

28. Defendant's conduct violated the ADEA.

29. Defendant's discriminatory conduct, in violation of ADEA has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

30. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

31. Defendant willfully engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count II: Retaliation in Violation of the ADEA

32. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

33. Plaintiff engaged in protected activity under the ADEA while employed by Defendant.

34. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

35. Defendant's conduct violated the ADEA.

36. Defendant's discriminatory conduct, in violation of the ADEA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

37. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

38. Defendant engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: FMLA Retaliation

39. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

40. Plaintiff was an employee eligible for protected leave under the FMLA.

41. Defendant is and was an employer as defined by the FMLA.

42. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

43. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, his FMLA rights.

44. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

45. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which he is entitled to legal relief.

### Count IV: FMLA Interference

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

47. Plaintiff was an employee eligible for protected leave under the FMLA.

48. Defendant is and was an employer as defined by the FMLA.

49. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

50. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

51. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

52. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

      b)     Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

      c)     Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper
Texas Bar Number: 24090213
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.Klepper@spielbergerlawgroup.com

*Counsel for Plaintiff*